IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **KENNETH ANTWAN DOWNER,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CASE NO. 3:14-CV-28- CAR-CHW** |
| **VS.** : | |
| : | |
| **OFFICER BRIAN JONES,** : | |
| : | |
| **Defendant.** : | |

_____

# ORDER

Plaintiff Kenneth Downer has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, while confined at Wilcox State Prison, in Abbeville, Georgia. Plaintiff also seeks to proceed without prepayment of the required filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Because it appears that Plaintiff is unable to pre-pay the full filing fee, his motion to proceed *in forma pauperis* (Doc. 2) is hereby **GRANTED.** This does not mean that the filing fee is waived. Plaintiff is still required to eventually pay the full amount of the $350.00 filing fee using the payment plan described in 28 U.S.C. § 1915(b). The filing fee is not refundable, regardless of the outcome of Plaintiff's case, and Plaintiff is responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the warden and/or business manager of facility in which Plaintiff is currently incarcerated. In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed

to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00.  Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  ANALYSIS OF CLAIMS

In his complaint, Plaintiff sues Elberton Police Officer Brian Jones.  (Compl. 1; Doc 1.)  Plaintiff alleges that on March 7 or 9, 2009, he was wanted on a burglary charge.  Plaintiff acknowledges he was "spotted" and ran from police.  Once caught, Plaintiff was arrested by Officer Bagwell, who called him a "crackhead nigger" and told him that if he didn't shut up, he would be killed.  Officer Bagwell then slammed on the brakes and Plaintiff injured his head.

When he got to the station, Defendant Jones shot him with a Taser while he was handcuffed and threw him into a padded cell.  Plaintiff states he was taken to the Elbert County Jail where he was "left to die."  Plaintiff alleges he got deeply depressed and attempted to commit suicide due to the injuries and trauma he received from "the beatings."  Plaintiff requests that attempted murder charges be brought against the parties involved and seeks $85,000,000.00 in damages.

Construing Plaintiff's allegations in his favor, the Court concludes that colorable constitutional claims against the Defendant have been alleged.   However, Plaintiff's claims should be dismissed because they have been asserted outside the statute of limitations.  Although 42 U.S.C. § 1983 does not contain a statute of limitations, the Supreme Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983.  *Wallace v. Kato*, 549 U.S. 384, 386 (2007).  For § 1983 actions arising out of events which occurred in Georgia, the statute of limitations is two years.  *Taylor v. Nix,* 240 F. App'x 830, 835 (11th Cir. 2007).  A statute of limitations begins to run when a cause of action accrues—

4

in other words, "when the fact which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Hafez v. Madison*, 348 F. App'x 465, 467 (11th Cir. 2009) (internal quotation marks and citations omitted).

In this case, Plaintiff states that the events in question occurred in March of 2009. The statute of limitations thus expired two years later, in March of 2011. Plaintiff's cause of action was filed more than three years outside of the two-year statute of limitations and must be dismissed.

## PENDING MOTIONS

Plaintiff has two pending motions filed on March, 28, 2013, a Motion for Appointment of Counsel and a Motion to Proceed on My Own Behalf on Violations of My 8th and 14th Amendments. (Docs. 8, 9.) Because Plaintiff's case is due to be dismissed, Plaintiff's pending motions are hereby **DENIED** as **MOOT.**

## CONCLUSION

Having conducted a preliminary review of Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a), the Court finds that Plaintiff's Complaint and all claims for damages against the Defendants should be **DISMISSED.** For purposes of the three strikes provision of the Prison Litigation Reform Act (PLRA), the Court determines that its decision in this case is a strike against Plaintiff. *See* 28 U.S.C. § 1915(g) (Counting as strikes any action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

SO ORDERED, this 4th day of April, 2014.

                                        S/ C. Ashley Royal
                                        C. ASHLEY ROYAL
                                        UNITED STATES DISTRICT JUDGE

lws